UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re                                                                  Civil Action No. 06-CV-15280-DT
CHRISTOPHER FULWOOD                                 Bankruptcy No. 03-75140-swr

    Debtor.                                                         HON. BERNARD A. FRIEDMAN
_____/

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

This matter is presently before the Court on a bankruptcy appeal by Creditor-Appellant William Sietz ("Appellant Sietz"), pursuant to 28 U.S.C. § 158(a).  Appellant Sietz appeals the bankruptcy court's order denying his motion for reconsideration, which was entered on November 20, 2006.

Appellant Sietz filed his Notice of Appeal in late November 2006.  He filed his Appellant Brief on December 21, 2006.  Trustee-Appellee Basil Simon ("Appellee Simon") filed his Appellee Brief on January 3, 2007.

The Court has had the opportunity to review the briefs and relevant documents.  Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court shall decide the appeal without oral argument.  The Court will affirm the bankruptcy judge's decision because the Court finds that there was no abuse of discretion.

The Sixth Circuit has stated that a court commits an "abuse of discretion" when it "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." United States v. Hart, 70 F.3d 854, 859 (6th Cir. 1995) (quotations and citation omitted).  The Sixth Circuit has explained that "when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it

reached upon a weighing of the relevant factors." Balani v. INS, 669 F.2d 1157, 1160 (6th Cir. 1982) (quotations omitted).  The Sixth Circuit has further explained that the "question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." Barlow v. M.J. Waterman & Assocs., Inc. (In Re M.J. Waterman & Assocs., Inc.), 227 F.3d 604, 608 (6th Cir. 2000).

Here, the Court finds that the bankruptcy court's order denying the motion for reconsideration was not an abuse of discretion.  Thus, the Court will deny Appellant Sietz's bankruptcy appeal.  Accordingly,

IT IS ORDERED that the bankruptcy court's decision is affirmed.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: January 8, 2007
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
   Secretary to Chief Judge Friedman

2